IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERCOLE A. MIRARCHI, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 23-CV-1549 |
| | : | |
| UNITED STATES EXECUTIVE | : | |
| BRANCH OF GOVERNMENT, *et al.*, | : | |
|     Defendants. | : | |

## MEMORANDUM OPINION

**GOLDBERG, J.**                                                                                                                                                                       **August 29, 2023**

       Currently before me is the Amended Complaint ("Am. Compl.") of *pro se* Plaintiff Ercole A. Mirarchi, wherein he alleges that an act of treason has occurred with respect to "Pennsylvania's 2020 Presidential and 2022 Governor and US Senate Elections."[1] Mirarchi seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Mirarchi leave to proceed *in*

---

[1] Mirarchi commenced this action on April 20, 2023 by submitting a thirteen-page report under 18 U.S.C. § 2382, with exhibits totaling more than 300 pages. (ECF No. 1.) Although the report was deficient as a formal complaint, the Clerk of Court, in accordance with its obligations under Rule 5 of the Federal Rules of Civil Procedure, opened this civil action. In a May 8, 2023 Order, the Court directed Mirarchi to file an Amended Complaint in compliance with the Federal Rules of Civil Procedure if he sought to proceed with this action. (ECF No 5.) Mirarchi returned with his Amended Complaint on June 9, 2023. (ECF No. 8.) An amended complaint, once submitted to the Court, serves as the governing pleading in the case because an amended complaint supersedes the prior pleading. *See Shahid v. Borough of Darby*, 666 F. App'x 221, 223 n.2 (3d Cir. 2016) (*per curiam*); *see also Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019) ("In general, an amended pleading supersedes the original pleading and renders the original pleading a nullity. Thus, the most recently filed amended complaint becomes the operative pleading.") (internal citations omitted); *Argentina v. Gillette*, 778 F. App'x 173, 175 n.3 (3d Cir. 2019) (*per curiam*) (holding that "liberal construction of a pro se amended complaint does not mean accumulating allegations from superseded pleadings"). Consequently, Mirarchi's Amended Complaint (ECF No. 8) is the governing pleading in this case.

*forma pauperis*, and the case will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

I.  **FACTUAL ALLEGATIONS**

In the Amended Complaint, Mirarchi names the following Defendants: (1) United States Executive Branch of Government; (2) United States Senator, PA, John Fetterman; (3) Department of Justice PA and WDC; (4) Federal Bureau of Investigation PA and WDC; (5) Securities and Exchange Commission WDC; (6) Central Intelligence Agency; (7) Commonwealth of Pennsylvania Executive Branch of Government; (8) Commonwealth of Pennsylvania Secretary of State; (9) Armstrong County PA Board of Elections; (10) Cable News Network, AKA "CNN"; (11) Edison Research; (12) Fairfax Financial Holdings; and (13) Marshall & Swift/Boeckh LLC. (Am. Compl. (ECF No. 8) at 1-2.)[2]  Mirarchi asserts that the following federal criminal statutes are at issue: (1) 18 U.S.C. § 2381 - Treason; (2) 18 U.S.C. § 2382 - Misprision of treason; (3) 18 U.S.C. § 2383 - Rebellion or insurrection; (4) 18 U.S.C. § 2384 - Seditious conspiracy; (5) 18 U.S.C. § 2385 - Advocating overthrow of Government; and (6) 18 U.S.C. § 2387 - Activities affecting armed forces generally. (*Id.* at 3.)

Mirarchi avers that he made a "*report of treason*" to this Court on April 20, 2023 that contains evidence demonstrating that the "Pennsylvania[] 2020 Presidential and 2022 Governor and US Senate Elections were being manipulated in real-time, by an engineering process that mimicked features purported to be from the Central Intelligence Agency's Hammer and Scorecard vote-rigging system." (*Id.* at 4.)  Mirarchi avers that he sent a "*report of treason*" to the Pennsylvania Supreme Court pursuant to the misprision of treason statute, but the Pennsylvania

---

[2]  The Court adopts the pagination assigned to the Amended Complaint by the CM/ECF system.

Supreme Court declined review and advised him to file it with this Court. (*Id.* at 5.) Mirarchi alleges that "all Judges and Justices" have a

> duty to review a report of treason when the President of the United States and the Governor of a State are not credible, or reliable, options to report it to; and when the local, state, and federal government corruption involved with the treason matter is far too great for an average citizen, whose livelihood was ruined by the corruption related to covering up the math logic used to engineer this heinous crime, to take on, on his own.

(*Id.* at 6.) Mirarchi contends that over the past ten years, he has suffered "many hardships and economic injuries" because of the "*falsified records crime*" that was allowed to go unpunished and unaddressed by the courts and other authorities, resulting in an attack against "the mechanics of our Elections System" and a "literal takeover of the highest offices in our State, and in our Nation, against the will of the People." (*Id.* at 6-7.)

As relief, Mirarchi requests that the "Court perform its Constitutional duty" by reviewing all submissions in this matter "as a report of treason" and "investigate the crimes that took place by those who conspired to effect [sic] this treason and coup d'état scheme" in order to bring it to the attention of "honest Law-enforcement and Justice Authorities who will act upon it." (*Id.* at 7.) Mirarchi also contends that he "deserves a fair hearing" so "he can be made whole for the many hardships he endured over the past 10 years" and for his time and effort that "led him to uncover how this engineered attack on Pennsylvania's and our Nation's Election System" occurred that "others allowed to be buried at the expense of his livelihood and wellbeing, to protect and hide the crime of special interests." (*Id.*)

In addition to the Amended Complaint, Mirarchi filed the following motions: (1) "Motion to make the EASTERN DISTRICT COURT aware the PENNSYLVANIA SUPREME COURT was also notified of this filing/report" (ECF No. 4); (2) Motion for Reconsideration and for This Filing to Remain a Report of Treason to the Court (ECF No. 7); (3) Motion to Support Plaintiff's

3

Initial Filing, ECF Document 1 (ECF No. 11); (4) Motion for the Court to Review a New Finding (ECF No. 12); (5) Motion for the Court to Review Another New Finding (ECF No. 13); (6) Motion for the Court to Review Another New Finding (ECF No. 15); (7) Motion for the Court to Review Additional Analysis (ECF No. 16); (8) Motion for the Court to Review Additional Analysis (ECF No. 17); and (9) Motion for the Court to Review Additional Analysis (ECF No. 18). These motions reiterate Mirarchi's report of treason under 18 U.S.C. § 2382, request that this Court review his evidence, and then "take swift action to rectify the egregious events" that have been "covered up at the expense of his livelihood, and wellbeing for more than a decade." (*See, e.g.,* ECF No. 4 at 10 (bold omitted).)

## II.    STANDARD OF REVIEW

The Court will grant Mirarchi leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(i) requires the Court to dismiss the Complaint if, among other things, it is frivolous. A complaint is subject to dismissal under § 1915(e)(2)(B)(i) as frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim is legally baseless if it is "based on an indisputably meritless legal theory," *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995), and factually baseless "when the facts alleged to rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). As Mirarchi is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021).

## III.    DISCUSSION

Mirarchi's Amended Complaint, even when liberally construed, is frivolous and fails to state a legal basis for any claim within the Court's jurisdiction. Mirarchi asserts claims for treason

4

pursuant to 18 U.S.C. §§ 2381-2385 and 2387, but these federal criminal statutes do not create a private right of action and cannot be relied upon by a civil plaintiff to state a claim for relief. *See Barrett v. Biden*, No. 22-2823, 2022 WL 16528195, at *2 (D.D.C. Oct. 25, 2022) (citing *Prunte v. Universal Music Group*, 484 F. Supp. 2d 32, 42 (D.D.C. 2007) (no private right of action in a bare criminal statute); *see also Quinn v. Robinson*, 783 F.2d 776, 793-94 (9th Cir. 1986) ("These offenses, which include treason, sedition, and espionage ... do not violate the private rights of individuals[.]"), *cert. denied*, 479 U.S. 882 (1986); *Noone v. Town of Palmer*, 2 F. Supp. 3d 1, 11 (D. Mass 2014) ("18 U.S.C. § 2381 is a criminal statute which does not provide a private right of action."); *Cassaday v. Trump*, No. 22-682, 2022 WL 3082464, at *4 (W.D. Mich. Aug. 3, 2022) (holding that "political offenses," such as treason, are perpetrated directly against the state and do not intend to cause private injury) (quoting *Ordinola v. Hackman*, 478 F.3d 588, 596 (4th Cir. 2007)); *Doe v. FBI*, No. 18-0707, 2019 WL 280268, at *4 (D. Md. Jan. 22, 2019) (finding that, where plaintiff's allegations were "tantamount to an act of war against the government, and that [d]efendants [had] therefore committed treason in violation of Article III, Section III of the United States Constitution" . . . [b]ecause "[t]reason is best understood as a crime committed against the United States . . . no private right of action exists that would allow an individual plaintiff to pursue" a claim of treason against the government) (citing *Hamdi v. Rumsfeld*, 542 U.S. 507, 560 (2004)); *Taylor v. Virginia*, No. 15-429, 2015 WL 13050092, at *1 (E.D. Va. Oct. 27, 2015)); *Corrado v. New York Off. of Temporary*, No. 15-7316, 2016 WL 3181128, at *5 (E.D.N.Y. Jun. 2, 2016) (finding that there is no private right of action under 18 U.S.C. § 2381) (citing *Nguyen v. Ridgewood Sav. Bank*, No. 14-1058, 2015 WL 2354308, at *13 (E.D.N.Y. May 15, 2015)); *Shaughnessy v. New York*, 2014 WL 457947, at *7 (N.D.N.Y. Feb. 4, 2014) (finding that treason is "always prosecuted by the Federal Government, not by private complaints[,]" and that "there is

no private right of action for the crime.") (citing *Hill v. DiDio*, 191 F. App'x 13, 14-15 (2d Cir. 2006); *Carvel v. Ross*, No. 09-722, 2011 WL 856283, at *12 (S.D.N.Y. Feb. 16, 2011)); *Vinh Hung Lam v. Citigroup, Inc.*, No. 08-4317, 2008 WL 11343432, at *2 (C.D. Cal. Aug. 18, 2008) (finding that plaintiff failed to state a civil claim because "[t]he United States Code makes treason a crime[,]" and that 18 U.S.C. § 2381 "can be enforced only by the proper authorities of the United States government, such as United States attorneys.") (citing 28 U.S.C. § 547)).

Similarly, Mirarchi cannot compel a criminal investigation by filing a complaint with this Court because the United States District Courts have no authority to order any law enforcement agencies or prosecutors to initiate investigations or prosecutions. *See Wagner v. United States Gov't*, No. 23-1626, 2023 WL 3948820, at *1 (D.D.C. June 9, 2023) (citing *Otero v. U.S. Attorney General*, 832 F.2d 141, 141-42 (11th Cir. 1987); *Jafree v. Barber*, 689 F.2d 640, 643 (7th Cir. 1982)). "[A]n agency's decision not to prosecute or enforce, whether through civil or criminal process, is a decision generally committed to an agency's absolute discretion." *Wagner,* 2023 WL 3948820, at *1 (quoting *Heckler v. Chaney*, 470 U.S. 821, 831 (1985)); *see also Smith v. Friel*, No. 19-943, 2019 WL 3025239, at *4 (M.D. Pa. June 4, 2019), *report and recommendation adopted*, 2019 WL 3003380 (M.D. Pa. July 10, 2019) (collecting cases and stating "courts have long held that a civil rights plaintiff may not seek relief in civil litigation in the form of an order directing the criminal prosecution of some third parties").

Finally, Article III of the Constitution limits the power of the federal judiciary to the resolution of cases and controversies. *Sprint Commc'ns Co., L.P. v. APCC Servs., Inc.*, 554 U.S. 269, 273 (2008). "That case-or-controversy requirement is satisfied only where a plaintiff has standing." *Id.* "[T]he irreducible constitutional minimum of standing contains three elements." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). First, the plaintiff must have suffered

an "injury in fact" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Id.* (internal quotations omitted). Second, there must be a "causal connection between the injury and the conduct complained of" such that the injury is fairly traceable to the defendant's conduct. *Id.* Third, it must be likely that the plaintiff's injury will be redressed by a favorable decision. *Id.* at 561; *see also Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (explaining that the "irreducible constitutional minimum of standing" requires the plaintiff to "have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision").

Mirarchi is attempting to address general grievances about government, and he has not stated a case or controversy over which this Court has jurisdiction. *See Lance v. Coffman*, 549 U.S. 437, 439 (2007) (*per curiam*) ("[A] plaintiff raising only a generally available grievance about government – claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large – does not state an Article III case or controversy." (quotations omitted)). I will dismiss the Amended Complaint as legally frivolous.

## IV. CONCLUSION

For the foregoing reasons, I will grant Mirarchi leave to proceed *in forma pauperis* and dismiss his Amended Complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as legally frivolous. Leave to amend will not be given as any attempt to amend would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002). An appropriate Order follows, which dismisses this case and Mirarchi's outstanding motions.